IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARIETTA HEALTH CARE
PHYSICIANS, INC.,

      Plaintiff,

  v.                                  Civil Action 2:19-cv-5626
                                      Judge Sarah D. Morrison
                                      Magistrate Judge Jolson

MATTHEW B. YOAK.,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Sanctions and/or to Modify the Current Case Schedule and for Leave to Amend its Complaint. (Doc. 29). For the following reasons, Plaintiff's Motion for Sanctions and for Leave to Amend its Complaint (Doc. 29) is **DENIED**. Plaintiff's request to Modify the Current Case Schedule, however, is **DENIED without prejudice**, pending the deposition of Defendant's rebuttal expert, Roger A. Griffith.

**I.    BACKGROUND**

On September 16, 2019, Plaintiff filed the instant action against Defendant in the Court of Common Pleas of Washington County, Ohio. (*See* Doc. 1). Shortly thereafter, on December 26, 2019, Defendant removed the case to this Court. (*Id.*). In its Complaint, Plaintiff brings claims for unjust enrichment and breach of contract, seeking to recover excess compensation paid to Defendant during his period of employment with Plaintiff. (*See generally* Doc. 4). Specifically, Plaintiff alleges that after calculating the exact difference in the amount paid versus the amount earned, Defendant was paid $614,971.80 too much. (*Id.* at ¶ 42).

Following removal, on January 16, 2020, Defendant filed his Answer and Counterclaim. (Doc. 5). In that Counterclaim Defendant alleges, among other things, that Plaintiff "has breached

the terms of the [employment] [a]greement by failing to conduct biannual performance reviews . . . and by failing to compensate [him] in accordance with the [employment] [a]greement[.]" (*Id.*, ¶ 38). Ultimately, this is a dispute over the terms of an employment contract.

In the instant motion, Plaintiff asks the Court to "enter sanctions against Defendant for his failure to obey this Court's Scheduling Order and to timely supplement his interrogatory responses." (Doc. 29 at 1). More specifically, Plaintiff asks the Court to prohibit Defendant from "supporting his Counterclaim . . . by arguing that he is entitled to additional compensation under his Employment Agreement for 'paid leave'" and order him to pay reasonable fees and expenses "incurred because of his noncompliance." (*Id.*). In the alternative, Plaintiff asks the Court to "modify the current case schedule to extend discovery . . . and grant Plaintiff leave to amend its Complaint to assert additional claims against Defendant." (*Id.*).

While initially Plaintiff sought partial summary judgment (*see id* at 15–17) in its Motion, following a status conference with the Court, Plaintiff withdrew that argument without prejudice, subject to re-filing in accordance with the Court's dispositive motion deadline. (*See* Doc. 32). On March 19, 2021, Defendant filed his Response to Plaintiff's Motion (Doc. 33), and Plaintiff replied (Doc. 34). So the Motion is ripe for review.

## II.     DISCUSSION

The parties dispute the calculation of Defendant's Counterclaim for "paid leave," and the notice Plaintiff received related to this claim. Plaintiff asserts that over "the course of discovery, [it] tried to determine the specific basis for and amount of Defendant's Counterclaim[,]" but Defendant refused to provide any such information, including any information regarding "paid leave." (Doc. 29 at 3). Plaintiff says that it did not learn of Defendant's calculation until Defendant produced his rebuttal expert report on February 10, 2021. In that report, Defendant's expert opines

2

that Plaintiff owed Defendant in excess of $800,000 in compensation for "paid leave." (Doc. 29 at 8). Given this calculation, Defendant believes he owes Plaintiff significantly less in excess compensation. (*See* Doc. 29-8 at 6). Because of this high value, Plaintiff appears to argue that it was unaware of the nature of Defendant's Counterclaim.

Defendant challenges this version of events, asserting that Plaintiff was afforded notice of his Counterclaims, specifically the claim for "paid leave," multiple times throughout discovery. (*See* Doc. 33 at 4–5). After Plaintiff raised concerns over this calculation (*see* Doc. 29 at 8), Defendant supplemented his interrogatory responses. (Doc. 29-9). Defendant represents that this supplement was necessary "[b]ecause [Defendant] is [now] relying on calculations prepared by [the rebuttal expert] . . . to discern his Counterclaim damages," rather than the previously offered calculations from Defendant himself. (Doc. 33 at 14). At base, Plaintiff argues that by raising this high value of the Counterclaim for "paid leave" for the first time in a rebuttal expert report, Defendant violated both this Court's Scheduling Order and the Federal Rules. And accordingly, Plaintiff argues, sanctions are warranted.

The Court notes that while Plaintiff's Motion clearly seeks preclusion and reasonable fees as a sanction for Defendant's alleged dilatory conduct, it fails to differentiate the Rules under which such sanctions are warranted. Based on its review, the Court construes Plaintiff's Motion as calling for: Sanctions under Fed. R. Civ. P. 16(f) for Defendant's alleged failure to comply with the Court's Scheduling Order or sanctions under Fed. R. Civ. P. 37(c)(1) for Defendant's alleged failure to timely and appropriately supplement his interrogatory responses. (*See* Doc. 29 at 9). As an alternative to sanctions, Plaintiff requests the Court "modify the current case schedule to extend discovery . . . and grant Plaintiff leave to amend its Complaint[.]" (*Id*. at 17–18). Defendant opposes both requests, arguing that "[s]anctions . . . are not warranted under either the facts or

3

law[,]" and that the Court should neither modify the case schedule nor grant Plaintiff leave to amend. (Doc. 33 at 4). The Court addresses each of Plaintiff's requests in turn.

### A. Rule 16(f) Sanctions

Plaintiff asserts that "Defendant's rebuttal expert report does not comply with this Court's Scheduling Order because it raises a new issue and is not being used to rebut evidence on the same subject matter identified by Plaintiff." (Doc. 29 at 10). This violation, Plaintiff says, warrants the issuing of sanctions under Rule 16(f) of the Federal Rules of Civil Procedure. (*Id.*). Conversely, Defendant represents that the rebuttal expert report raises nothing new and adds only additional detail to an issue that has been part of the case since the beginning. (Doc. 33 at 4).

"When a party disobeys the pretrial orders of a federal court, the Federal Rules provide that the court may, on motion or on its own, issue 'any just order, including those authorized by Rule 37(b)(2)(A)(ii)–(viii).'" *Johnson Marcraft, Inc. v. W. Surety Co.*, No. 3:15-1482, 2018 WL 928198, at *2 (M.D. Tenn. Feb. 15, 2018) (quoting Fed. R. Civ. P. 16(f)(1)). One such "just order," authorized by Rule 37(b)(2)(A)(ii)–(viii) is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Furthermore, under Rule 16(f), "[t]he district court has discretion to impose whichever sanction it feels appropriate under the circumstances." *Clarksville–Montgomery Sch. Sys., v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991).

In determining the appropriateness sanctions under Rule 16(f), the Court considered factors identical to those considered when issuing sanctions under Rule 37(b). *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013) (recognizing that "[t]he analysis under Rule 16(f) and Rule 37(b) is the same"). The factors include:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to

>cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered before dismissal was ordered.

*Ford Motor Co. v. InterMotive, Inc.*, No. 4:17-cv-11584, 2021 WL 978820, at *7 (E.D. Mich. Mar. 16, 2021) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988)).  Where the "extreme sanction" of dismissal is not being sought, the fourth factor is inapplicable. *InterMotive, Inc.*, 2021 WL 978820, at *7 (holding that where defendant sought only reasonable fees and preclusion as sanctions, and not dismissal, the fourth factor was not relevant). Importantly, no one factor in this analysis is outcome determinative. *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008).

### 1. Willfulness, Bad Faith, or Fault

The Court first considers whether the failure to cooperate in discovery was the result of willfulness, bad faith, or fault. *United States v. Allen*, No. 2:12-cv-1034, 2014 WL 3530850, at *4 (S.D. Ohio July 15, 2014). If a party refuses to comply with discovery repeatedly, such conduct is indicative of "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d, 1067, 1079 (6th Cir. 1990); *see also Allstate Ins. Co. v. Awan & Assoc. P.C.*, No. 11-11988, 2013 WL 1340142, at *5 (E.D. Mich. Apr. 3, 2013) ("As the Sixth Circuit has explained, repeated noncompliance with court-sanctioned discovery requests suggests willfulness, bad faith, or fault.").

Plaintiff offers little, if any, evidence that Defendant's alleged failure to obey this Court's Scheduling Order was due to willfulness, bad faith, or fault. (*See generally* Doc. 29). Still, Plaintiff argues that because Defendant supplemented his interrogatory responses *after* disclosing his claim for "paid leave" in his rebuttal expert report, those supplements were untimely and in

5

violation of the Court's Scheduling Order. (*See id*. at 11 (citing F.R.C.P. 26(e)(2)) (emphasis in original)).

Upon review, the Court sees nothing in Defendant's conduct which illustrates willfulness, bad faith, or fault. For sanctions to be appropriate, there must be "a clear record of delay or contumacious conduct." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). "The [] conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Here, Defendant's conduct is not as egregious as Plaintiff alleges. While Defendant's supplemental interrogatory responses may have inconvenienced Plaintiff, it was not done with "an intent to thwart judicial proceedings or [with] a reckless disregard for the effect of his conduct on those proceedings." *Carpenter*, 723 F.3d at 704. Further, Defendant reasonably explains that his calculation of the Counterclaim was disclosed once his expert had completed his work. (*See generally* Doc. 33 at 6–7). So the Court finds nothing in Defendant's conduct indicating contumacious conduct, let alone a "clear record of delay." *Freeland*, 103 F.3d at 1277.

 2. Prejudice

The second factor, prejudice, is satisfied if the failure to provide discovery deprives the opposing party of information critical to their case and they are forced to expend significant time and resources addressing the discovery abuses. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008); *see also Vogerl v. Elliott*, No. 09-713-MRB-JGW, 2010 WL 4683950, at *3 (S.D. Ohio Sept. 9, 2010) ("Plaintiff has been severely prejudiced by her inability to conduct discovery in this case, and has wasted significant time and money first attempting to gain defendant's voluntary cooperation, and subsequently seeking defendant's forced cooperation through this court. Plaintiff cannot be expected to do more.").

6

Plaintiff hangs its hat largely on this factor. Plaintiff argues that "[t]he late disclosure of Defendant's claim for $802,813.14 in 'paid leave' is extremely prejudicial[.]" (Doc. 29 at 11). This is so, says Plaintiff, "[b]ecause Defendant waited until the last moment to disclose his demand for [] paid-leave, Plaintiff's valuation professionals did not have anything on which to opine and Plaintiff was left unable to provide any rebuttal by the February 10, 2021 deadline." (*Id.* at 13). This delay resulted in the parties being forced to reschedule their mediation, which was originally scheduled for February 24, 2021. (*Id.*).

For his part, Defendant argues that because his "Amended Answer was not a supplemental response concerning a new issue[,]" Plaintiff was not prejudiced by his claim for "paid leave." (Doc. 33 at 6). He goes on to assert that simply because, the "rebuttal expert report also supports [Defendant]'s Counterclaim argument . . . does not transform it whole cloth into a primary expert report." (*Id.*).

All things considered, the Court is unconvinced that Plaintiff has suffered prejudice so high as to warrant sanctions. At base, nothing has occurred here that has "threatened the reliability of the fact-finding process[,]" or "impeded [Plaintiff's] ability to fully discover an issue." *See Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1054–56 (9th Cir.1998); *see also Bratka v. Anheuser–Busch Co.*, 164 F.R.D. 448, 459 (S.D. Ohio 1995). This is so for two reasons: (1) Plaintiff had sufficient notice of Defendant's "paid leave" Counterclaim; and (2) other avenues exist for Plaintiff to dispute Defendant's rebuttal expert's calculation.

First, regarding notice, the Court finds that Plaintiff had sufficient notice of Defendant's "paid leave" Counterclaim, so much so that Plaintiff suffered little to no prejudice as a result. In fact, as Defendant contends, there were multiple instances where Plaintiff was made aware of this basis for Defendant's Counterclaim—during the deposition of third-party witness Karen Lines,

7

during the deposition of Plaintiff's 30(b)(6) corporate designee Autumn Warden, and again during Defendant's deposition. (*See* Doc. 33 at 4–5).

Second, given that there are other avenues through which Plaintiff may dispute Defendant's rebuttal expert's calculation regarding his "paid leave" Counterclaim, Plaintiff has not suffered "extreme prejudice." Plaintiff still has yet to depose this rebuttal expert. As Defendant notes, "by deposing [this] expert witness, Plaintiff still [] has the opportunity to question, understand, or fairly test the complained-of contentions in [this] rebuttal expert report." (*Id*. at 7 (citing *Acuity Brands Lighting, Inc. v. Bickley*, No. 5:13-cv-366-DLB-REW, 2015 WL 10551946, at *5 (E.D. Ky. Nov. 30, 2015))). The Court has already set a timetable for this deposition—it must be conducted no later than April 23, 2021. (*See* Doc. 33). Furthermore, Plaintiff could also file a *Daubert* motion, challenging the admissibility of Defendant's rebuttal expert's report and testimony. *See Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 176–77 (6th Cir. 2009) (recognizing a *Daubert* motion as an avenue for challenging the reliability and admissibility of an expert opinion). Additionally, Plaintiff has the opportunity to re-file his withdrawn dispositive motion on Defendant's Counterclaim. (*See* Doc. 33). And, as explained below, the Court will entertain a motion to conduct limited discovery if the deposition of Defendant's expert warrants it.

Given these alternatives, as well as Plaintiff receiving sufficient notice of Defendant's "paid leave" Counterclaim, the Court finds that Plaintiff has suffered little to no prejudice from Defendant's supplemental interrogatory responses.

3. *Warning*

The third factor is satisfied if the court warned the disobedient party that failure to cooperate could result in sanctions. *Grange*, 270 F. App'x at 376; *see also Vogerl*, 2010 WL 4683950, at *2. For example, the disobedient party may be warned by the filing of a motion, *see*

8

*Allstate Ins. Co.*, 2013 WL 1340142, at *5 ("after plaintiffs filed this motion, defendants were well-aware that [sanctions] could be entered against them"), or at a hearing, *Grange*, 270 F. App'x at 377.

The Court can dispose of this factor quickly because it has not warned Defendant of the possibility of sanctions. "Generally, the absence of prior warnings that [sanctions] could result from a party's continued misconduct weighs against [issuing sanctions]." *Laukus*, 292 F.R.D. at 512. Although "prior warnings are not indispensable[,]" there was no opportunity or apparent need for the Court to provide a prior warning here. *Id*. Accordingly, this factor, too, weighs against issuing sanctions.

As detailed above, three of the four factors weigh against issuing sanctions here—there is no evidence of Defendant's willfulness, bad faith, or fault; Plaintiff suffered little to no prejudice; and no prior warning was issued. And the fourth factor is inapplicable because the "extreme sanction" of dismissal is not being sought here. *See InterMotive, Inc.*, 2021 WL 978820, at *7. Accordingly, sanctions under Rule 16(f) are not warranted. Given this disposition, the Court concludes that Plaintiff is not entitled to an award of fees. *Johnson Marcraft, Inc.*, 2018 WL 928198, at *2 (recognizing a Court's discretion in imposing sanctions, including fees).

### B. Rule 37(c) Sanctions

The Court reads Plaintiff's request as also seeking sanctions under Rule 37(c) of the Federal Rules of Civil Procedure. But the Court begins with Rule 26(e), which imposes a burden on each party to "supplement or correct an initial disclosure or discovery response if the party learns that the previous disclosure or response was materially incomplete or inaccurate." *Stryker Corp. v. Ridgeway*, No. 1:14-cv-0889-RHB, 2016 WL 6583592, at *7 (W.D. Mich. Feb. 16, 2016). Rule 37(c)(1) proscribes that where a party fails to comply with Rule 26(e), "the party is not

9

allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Furthermore, a Court may order further sanctions including any of those listed in Rule 37(b)(2)(A)(i)–(vi). *Id*. at 37(c)(1)(C). "The party seeking to invoke the preclusion sanction [of Rule 37(c)(1)] must first prove that the opposing party violated Rule 26(a) or (e)." *Nathan v. Ohio State Univ.*, No. 2:10-cv-872, 2012 WL 5342666, at *4 (S.D. Ohio Oct. 29, 2012).

In the instant case, Plaintiff cannot prevail on its Motion because it has not established that Defendant violated Rule 26(e).  Plaintiff argues that Defendant's supplemental interrogatory responses were untimely because they "raise[] a new issue and [are] not being used to rebut evidence on the same subject matter identified by Plaintiff." (Doc. 29 at 10).  But the record does not support this contention.  As established above, there were at least three instances where Plaintiff was made aware of this basis for Defendant's Counterclaim.  (*See* Doc. 33 at 4–5).  This argument is not new.

While Plaintiff may argue that these instances were *de minimis* (*see* Doc. 34 at 10–12), the Court is satisfied that, taken together, each of these instances gave Plaintiff sufficient notice of this basis for Defendant's Counterclaim.  Given this notice, Plaintiff cannot now argue that Defendant's supplemental interrogatory responses should not be considered timely under Rule 26(e).  Accordingly, Plaintiff has failed to meet its burden to show that Defendant violated Rule 26(e), and Rule 37(c) sanctions are not justified. *See Nathan*, 2012 WL 5342666, at *4 (refusing to issue sanctions under Rule 37(c) where the moving party could not demonstrate that the opposing party "failed to supplement her discovery responses in a timely manner as required by Rule 26(e)").

Here again, given this disposition, Plaintiff is not entitled to an award of fees. *Johnson Marcraft, Inc.*, 2018 WL 928198, at *2; *see also* Fed. R. Civ. P. 37(c)(1)(A) (establishing the payment of reasonable expenses, including attorney's fees, is only appropriate where a party violated Rule 26(e)). Based on the foregoing, Plaintiff's Motion for Sanctions is **DENIED**.

### C. Leave to Amend Plaintiff's Complaint and Amending the Case Schedule

As an alternative to sanctions, Plaintiff requests that the Court "modify the current case schedule to extend discovery and to give Plaintiff an opportunity to present a rebuttal expert report and grant Plaintiff leave to amend its Complaint to assert additional claims against Defendant." (Doc. 29 at 17). Defendant, for his part, opposes these requests, arguing they are not warranted here. (Doc. 33 at 10).

Plaintiff has not shown "good cause" under Rule 16(b), to be granted leave to amend. In evaluating good cause under Rule 16(b), Plaintiff's diligence is key. *Cooke v. AT&T Corp.*, No 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007); *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). Upon review, the Court finds that Plaintiff has not been diligent.

Plaintiff argues that "good cause" exists because Defendant failed to comply with the Court's Scheduling Order and the Federal Rules, when he allegedly raised his "paid-leave" Counterclaim for the first time in his rebuttal expert report. (Doc. 29 at 18). The Court has already determined that these arguments are without merit, so they cannot support a showing of "good cause." However, in its reply brief, Plaintiff makes a secondary argument in support of amendment. Specifically, Plaintiff argues that "because Defendant . . . waited to raise the 'paid leave' claim in [his] rebuttal [expert] report, Plaintiff [] did not have anything to rebut until after

11

the deadline for rebuttal reports had passed." (Doc. 34 at 17). As a result, Plaintiff seeks leave to amend to include a "fair market value" defense, arguing that "Defendant is not entitled to additional compensation for 'paid leave' if it would violate federal law." (*Id*. at 16; *see also* Doc. 29 at 12 (citing cases which illustrate that a hospital has not breached an employment agreement by refusing to pay a physician additional compensation in excess of fair market value)).

      This argument too is without merit. First, as established, Plaintiff has not been "surprised" by this "paid leave" Counterclaim. While the calculation of this amount has risen since the initial filings and interrogatory responses, that such an increase took Plaintiff by surprise is irrelevant. This alleged surprise, does not give Plaintiff license to a "do-over" in asserting its defenses. Furthermore, Plaintiff is not without options here. Plaintiff has yet to depose Defendant's rebuttal expert, has the option of filing a *Daubert* motion challenging the admissibility of Defendant's rebuttal expert report, and can still re-file its dispositive motion. Finally, and importantly, were the Court to grant leave to amend here, Defendant would surely suffer significant prejudice.

      As Defendant notes, "to allow Plaintiff to [amend, and] designate an expert about [Defendant]'s fair market value would necessitate introducing new evidence and new theories right at the close of discovery." (Doc. 33 at 2). Furthermore, unlike with Plaintiff and the "paid leave" Counterclaim, Defendant has not been afforded any notice here. Plaintiff's proposed "fair market value" defense, has not been mentioned in this case until briefing on the instant Motion. Surely, allowing Plaintiff leave to amend to make this additional argument, would be effectively restarting this case. The Court will not take any such action at this juncture.

      To be clear, the Court is not making any decision on the merits of Plaintiff's claims or Defendant's counterclaims here. In so much as Plaintiff is asserting this "fair-market value"

argument as a new claim, it is barred from doing so.  Should Plaintiff find any such argument useful in a forthcoming dispositive motion, however, that argument is proper.

Accordingly, given that Plaintiff had notice, has alternate avenues to counter Defendant's rebuttal expert, and allowing amendment would be highly prejudicial to Defendant, Plaintiff's Motion for Leave to Amend its Complaint is **DENIED**.

While the Court sees no merit in Plaintiff's claim that the above disposition will require "a *de facto* do-over[,]" the Court is cognizant of Plaintiff's scheduling concerns—particularly now that the discovery deadline has passed.  (*See* Docs. 20, 34).  Accordingly, should Plaintiff find new cause for further discovery as a result of the deposition of Defendant's rebuttal expert (*see* Doc. 32), the Court will entertain a motion for limited discovery.  As a result, Plaintiff's request to Modify the Current Case Schedule is **DENIED without prejudice**, pending the deposition of Defendant's rebuttal expert, Roger A. Griffith.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions and for Leave to Amend its Complaint (Doc. 29) is **DENIED**.  Plaintiff's request to Modify the Current Case Schedule, however, is **DENIED without prejudice**, pending the deposition of Defendant's rebuttal expert, Roger A. Griffith.

IT IS SO ORDERED.


Date:   April 8, 2021                                            /s/ Kimberly A. Jolson
                                                                             KIMBERLY A. JOLSON
                                                                             UNITED STATES MAGISTRATE JUDGE